NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0133n.06

No. 17-1092

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ARTUR ZAWADA, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UBER TECHNOLOGIES, INC., et al., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

FILED
Mar 14, 2018
DEBORAH S. HUNT, Clerk

BEFORE:   BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  In this case, two Uber drivers attempted to bring a class action against Uber, alleging, among other things, that Uber unlawfully misclassified them as independent contractors instead of as employees, depriving them of fair compensation.  Because both Uber drivers had entered into arbitration agreements with Uber containing class action waivers, the district court dismissed the action and compelled individual arbitration.  We **AFFIRM**.

## I.

The Defendants-Appellees in this case are Uber Technologies, Inc. and Rasier, LLC, a wholly-owned subsidiary of Uber Technologies, Inc. (collectively "Uber"). The Plaintiffs-Appellants are two Michigan men, Artur Zawada and Nashat Farha (collectively "the Plaintiffs"). Zawada was formerly an Uber driver, and Farha is currently an Uber driver.

Uber operates a smartphone application that facilitates on-demand transportation services. Customers use the Uber app to request vehicle rides, and those requests are sent through the app to locally-available Uber drivers who use their own vehicles to transport customers. Customers pay their drivers through the Uber app, and Uber keeps part of the fare.

To become an Uber driver, prospective drivers must enter into a contract titled the "Rasier Software Sublicense Online Services Agreement" ("the Agreement"). Within the Agreement is an Arbitration Provision that includes a class action waiver. Uber drivers may opt out of this provision if they wish to, and some drivers do. The Plaintiffs twice agreed to the contract containing the Arbitration Provision, and twice did not opt out of the Arbitration Provision.[1]

In April 2016, the Plaintiffs filed a purported class action against Uber on behalf of a class of Uber drivers in Michigan. The Plaintiffs alleged that Uber unlawfully misclassified them as independent contractors instead of as employees, depriving them of fair compensation. Uber filed a motion to dismiss the complaint, to compel arbitration, and to strike class allegations, which the district court granted. The Plaintiffs timely appealed.

## II.

On appeal, the Plaintiffs argue that the Arbitration Provision is illegal and unenforceable because the class action waiver contained in the Arbitration Provision violates the Plaintiffs' rights under the National Labor Relations Act ("NLRA"). The National Labor Relations Board ("NLRB"), as amicus curiae on behalf of the Plaintiffs, argues that class action waivers, even

---

[1]Uber periodically modifies the Agreement. Two versions are relevant in this case: the November 2014 Agreement, which the Plaintiffs agreed to when they first became Uber drivers, and the December 2015 Agreement, which the Plaintiffs agreed to after Uber made a modification to the Agreement. Although there was some dispute in the district court about which version of the Agreement controlled, the district court held that "the language that operates to compel arbitration [in both versions] is identical or functionally identical." *Zawada v. Uber Techs., Inc.*, No. 16-cv-11334, 2016 WL 7439198, at *3 (E.D. Mich. Dec. 27, 2016). The Plaintiffs also concede that "[f]or purposes of this appeal, the minor difference between the agreements are [sic] irrelevant."

those that include opt-out provisions, violate the NLRA. The NLRB takes no position on whether Uber drivers are statutorily protected "employees" under the NLRA. Uber argues that we should not consider the Plaintiffs' arguments because they raise them for the first time on appeal.

Ordinarily, we "will not decide issues or claims not litigated before the district court." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990). This is because we "review the case presented to the district court rather than a better case fashioned after the district court's order." *Id.* (citation omitted); s*ee United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 758–59 (6th Cir. 1999) (collecting cases). Although we have discretion to deviate from this rule "in 'exceptional cases or particular circumstances' or when the rule would produce a 'plain miscarriage of justice,'" we exercise this discretion only "rarely." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (citation omitted).

We generally hold that a party forfeits any issue that it presented to the district court too late for the issue actually to be litigated. *See id.* at 553; *see also Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 676 (6th Cir. 2006) (Griffin, J., concurring). We also generally hold that a party forfeits issues that it did not fully argue to the district court. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1399 (6th Cir. 1995) ("vague references" that "fail to clearly present" an argument are not enough to "preserve an issue for appellate review").

The Plaintiffs did not mention the NLRA in their briefing before the district court, let alone assert the argument they now make on appeal: that their NLRA collective action rights were impinged by the class action waiver in the Arbitration Provision. Instead, "on the eve of the hearing" on Uber's motion to dismiss, compel arbitration, and strike the class allegations, the Plaintiffs filed a "Notice of Supplemental Authority" citing a Seventh Circuit case which found

that a similar arbitration agreement, but without an opt-out clause as here, violated the NLRA. *See Zawada*, 2016 WL 7439198, at \*8. In this "Notice," the Plaintiffs provided only a single paragraph summarizing the Seventh Circuit decision and made no attempt to develop the NLRA argument or show how the Seventh Circuit's decision applied to their case. The district court declined to "deny [Uber's] motion based on arguments that Plaintiffs could have developed in their response brief."[2] *Id.* We affirm.

We hold that the Plaintiffs have forfeited the issue of whether the class action waiver contained in the Arbitration Provision violated the NLRA. The Plaintiffs did not litigate that issue before the district court. Instead, they waited until the eleventh hour to attempt to raise a new argument, and even then, cited only a single case and provided no developed argument. Plaintiffs "Notice" was insufficient to preserve the issue for appellate review. Finally, the Plaintiffs have not argued to us that theirs is an exceptional case in which we must decide this issue to prevent a plain miscarriage of justice.

The Plaintiffs have expressly waived the three arguments that they did present to the district court about the validity and applicability of the Arbitration Provision, and we do not consider those arguments.

### III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[2]The district court further noted that, even if it "were to consider this late filing, it would not change the result" because the cited Seventh Circuit decision concerned an arbitration agreement without an opt-out provision and was therefore distinguishable. *Zawada*, 2016 WL 7439198, at \*8.